UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIS CARRABINE POTTER,<br><br>Plaintiff,<br><br>v.<br><br>MAROUN, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-02162-JDP (PC)<br><br>ORDER |

Plaintiff, a county inmate, brings this § 1983 action against four prosecutors at the Sacramento County District Attorney's Office. ECF No. 1. The allegations in the complaint are insufficient to proceed. I will give plaintiff an opportunity to file an amended complaint before recommending that this action be dismissed. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that plaintiff, a "sovereign," cannot be charged with a crime by "public servants." ECF No. 1 at 3. The complaint claims plaintiff is incarcerated without cause and that multiple officers had to hold plaintiff's head to take his photo. *Id.* at 4-5.

Courts have continually and categorically rejected as frivolous claims based on sovereign citizen theories. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). That rejection holds true here; the complaint does not state a viable claim. In addition to that, the named defendants—county prosecutors—are immune from this suit. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of

judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). The complaint also does not assert any factual allegations against the named defendants. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: November 1, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE