1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ONIS CARRABINE POTTER, | Case No.  2:23-cv-02162-JDP (PC) |
| 12             Plaintiff, | **ORDER** |
| 13        v. | GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND |
| 14  MAROUN, *et al.*, | DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT |
| 15             Defendants. | JUDGE TO THIS MATTER |
| 16 | **FINDINGS AND RECOMMENDATIONS** |
| 17 | THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT |
| 18 | LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| 19 | |
| 20 | ECF No. 5 |
| 21 | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| 22 | |

23        Plaintiff, a county inmate, brings this § 1983 action against the California Office of

24   Attorney General, the Central California Appellate Program, Sacramento County Superior Court,

25   the State of Idaho, and an individual named Jan Bennet.  ECF No. 5.  The complaint is

26   completely devoid of factual allegations, and plaintiff has failed to cure the deficiencies discussed

27   in the court's prior screening order.  Accordingly, I will recommend that this action be dismissed

28   for failure to state a claim.

1

### Screening and Pleading Requirements

2          A federal court must screen the complaint of any claimant seeking permission to proceed

3   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

4   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

5   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

6   relief.  *Id.*

7          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

8   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

9   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

10  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

11  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

12  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

13  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

14  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

15  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

16  n.2 (9th Cir. 2006) (en banc) (citations omitted).

17         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

18  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

19  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

20  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

21  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

22  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

23  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

24

### Analysis

25         The amended complaint contains no factual allegations and consists largely of statements

26  of sovereign-citizen ideological principles.  *See* ECF No. 5.  For example, plaintiff states, "I am

27  not a territorial United States citizen nor a municipal citizen of the United States.  I am a living

28  woman, standing peacefully in honor on the land and soil jurisdiction."  *Id.* at 2-3.

As discussed in the court's prior screening order, courts have continually and categorically rejected as frivolous claims based on sovereign citizen theories. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"). The allegations fail to identify any actions taken by any defendant that could support a claim for relief. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

As the amended complaint did not cure the prior deficiencies, and it contains no factual basis or allegations of wrongdoing, I find that the complaint should be dismissed without leave to amend for failure to state a claim. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that this action be dismissed without leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 17, 2024    _____
                             JEREMY D. PETERSON
                             UNITED STATES MAGISTRATE JUDGE

4